**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Janet K. HOLLAND, Defendant–**
**Appellant.**

**No. 92–2830.**

United States Court of Appeals,
Seventh Circuit.

Argued April 6, 1993.

Decided April 29, 1993.

*Motion to Recall and Stay the Mandate July 1, 1993.*

Christina McKee, Asst. U.S. Atty. (argued), Indianapolis, IN, for U.S.

James R. West, New Albany, IN, Belle T. Choate (argued), Robert C. Perry, Katharine C. Liell, Indianapolis, IN, for defendant-appellant.

Before RIPPLE, Circuit Judge (in chambers).

This motion is before me on application of the appellant for recall of this court's mandate and for stay of that mandate pending the disposition of a petition for a writ of certiorari in the Supreme Court of the United States. For the reasons set forth in the following chambers opinion, the relief requested is denied. Because the issue of the applicable standards for recall of the mandate and for stay of the mandate frequently confronts practitioners, I have decided to rule on this matter by published opinion. *See Connecticut Gen. Life Ins. Co. v. Chicago Title & Trust Co.*, 690 F.2d 115 (1982), *cert. denied*, 464 U.S. 999, 104 S.Ct. 502, 78 L.Ed.2d 693 (1983).[1]

The appellant was convicted in the United States District Court for the Southern District of Indiana of seventeen counts of knowingly making a false statement to a federally insured institution for the purpose of influencing its actions in violation of 18 U.S.C. §§ 1014 and 2. After the imposition of sentence, the appellant took an appeal to this court. The execution of the sentence to imprisonment was stayed by the district court pending the disposition of the appeal in this court. The correctness of that decision is not before us. On April 29, 1993, this court affirmed the judgment of the district court in all respects, 992 F.2d 687. A subsequent petition for rehearing and suggestion for rehearing en banc was denied by this court on May 28, 1993. The mandate of the court issued on June 7, 1993.

The appellant must overcome two hurdles if the relief requested is to be granted. First, there must be an adequate showing that the mandate ought to be recalled. Second, there must be an adequate showing that the mandate, if recalled, ought to be stayed. The appellant has not made an adequate showing with respect to either of these matters.

The Federal Rules of Appellate Procedure provide that the mandate of this court shall issue seven days after the entry of an order denying the petition for rehearing. *See* Fed.R.App.P. 41(a). The appellant sought no stay before the issuance of the mandate. It is well-established that, while it is within the inherent power of the court to recall its mandate in order to protect the integrity of its own processes, the mandate ought to be recalled only in exceptional cir-

---

1. In order to provide the parties with a ruling as quickly as possible, the opinion was released initially in typescript.

cumstances. *Patterson v. Crabb*, 904 F.2d 1179, 1180 (7th Cir.1990). For instance, this court has recalled its mandate when it discovered that it had misread the record and, consequently, dismissed an appeal erroneously on jurisdictional grounds, thus depriving the parties of the right to appeal. *See id.* Similarly, a subsequent decision of the Supreme Court calling into serious question the correctness of the court's judgment has been held to justify the recall of the mandate. *See Zipfel v. Halliburton Co.,* 861 F.2d 565 (9th Cir.1988). The appellant presents no such grounds here to justify her failure to request a stay before the release of the mandate.

■ Even if the appellant were able to justify the recall of the mandate, she does not present adequate grounds for the stay of that mandate pending the filing of a petition for certiorari in the Supreme Court of the United States. Rule 41(b) of the Federal Rules of Appellate Procedure authorizes a court of appeals to issue such a stay. Relief is not, however, a matter of right but of sound judicial discretion. The rule in its present form does not set forth the criteria that ought to guide the exercise of that discretion. Our local rules simply require that a "substantial showing" be made that the petition for certiorari will raise "an important question meriting review by the Supreme Court." Cir.R. 41(a)(3). The foremost treatise in this area states that "[a] stay is a form of temporary injunction, and in general is governed by the same principles, modified to some extent because the application is made after the case has already been lost in at least one court." ROBERT L. STERN ET AL., SUPREME COURT PRACTICE § 17.19 (6th ed. 1986). Therefore, the inquiry must center on whether the applicant will suffer irreparable injury and whether the applicant has a reasonable probability of succeeding on the merits. In the context of a petition for a writ of certiorari, this second criteria requires, as our local rule indicates, albeit somewhat laconically, an estimation as to whether there is a reasonable probability that four Justices will vote to grant certiorari and a reasonable possibility that five will vote to reverse the judgment of this court. Justice Brennan discussed the interrelationship of these factors in his chambers opinion in *Rostker v.* *Goldberg,* 448 U.S. 1306, 1308, 101 S.Ct. 1, 3, 65 L.Ed.2d 1098 (1980):

> Relief ... is appropriate only in those extraordinary cases where the applicant is able to rebut the presumption that the decisions below—both on the merits and on the proper interim disposition of the case—are correct.... In a case like the present one, this can be accomplished only if a four-part showing is made. First, it must be established that there is a "reasonable probability" that four Justices will consider the issue sufficiently meritorious to grant certiorari or to note probable jurisdiction.... Second, the applicant must persuade [the Circuit Justice] that there is a fair prospect that a majority of the Court will conclude that the decision below was erroneous.... Third, there must be a demonstration that irreparable harm is likely to result from the denial of a stay.... And fourth, in a close case it may be appropriate to "balance the equities"—to explore the relative harms to applicant and respondent, as well as the interests of the public at large.

Other justices have articulated the same standards in formulations that differ slightly in form, but not in substance. *See Barnes v. E–Systems, Inc. Group Hosp. Medical & Surgical Ins. Plan,* —— U.S. ——, 112 S.Ct. 1, 115 L.Ed.2d 1087 (1991) (Scalia, J., in chambers); *Times–Picayune Publishing Corp. v. Schulingkamp,* 419 U.S. 1301, 95 S.Ct. 1, 42 L.Ed.2d 17 (1974) (Powell, J., in chambers). As the treatise cited above notes, judges of the lower courts are to apply the same criteria. STERN at § 17.19. The judicial inquiry is the same.

In this case, our inquiry need go no further than an examination of the issues that the appellant proposes to present to the Supreme Court. First, the appellant submits that the decision of this court is in conflict with the decision of the Tenth Circuit in *United States v. Kramer,* 500 F.2d 1185 (10th Cir.1974). A conflict among the circuits is an accepted basis for the granting of the writ of certiorari. *See* Supreme Court Rule 10(a). Here, however, there is no division among the circuits. The appellant's contention was

answered succinctly by the government in its brief on the merits:

In *United States v. Kramer*, 500 F.2d 1185 (10th Cir.1974), a bank president made a loan within his lending authority after receiving a false financial statement. In reversing his conviction under Section 1014 the court found that the evidence failed to show that he was aware the financial statement was false, that the statement was necessary for approval of the loan, or that the bank president required a financial statement before he exercised his discretion to make a loan within the bank's established lending limit. *Id.* at 1187.

The facts in *Kramer* are not the facts in this case. Defendant here was charged with placing fictitious names on promissory notes for the purpose of allowing money to be lent to a person who had reached his lending limit with the bank. The defendant knew the names were fictitious, the promissory notes were a necessary part of the loan process, and the actual recipient of the money had reached the limit of what he could borrow in his own name.

Appellee's Br. at 17–18. The appellant's contention that *Kramer* is controlling is so wide of the mark that this court did not give it independent treatment in its opinion. The second proposed issue, inadequacy of counsel was thoroughly examined by the court during its consideration of the merits and presents no novel issue requiring further review by the Supreme Court.

Accordingly, the motion for recall of the mandate and for a stay pending the filing of a petition for a writ of certiorari is DENIED.

DENIED.