**Hernando WILLIAMS, Petitioner–Appellant,**

v.

**James CHRANS and Neil F. Hartigan, Respondents–Appellees.**

**No. 95–1697.**

United States Court of Appeals, Seventh Circuit.

March 21, 1995 *.

---

* This opinion was released initially in typescript form.

Barry Levenstam, Michael T. Brody, Jerold S. Solovy, Jeff S. Pitzer, Jenner & Block, Chicago, IL, for petitioner-appellant.

Marie Czech, Asst. Atty. Gen., Office of the Atty. Gen., Chicago, IL, for respondents-appellees.

Before CUDAHY, RIPPLE and MANION, Circuit Judges.

PER CURIAM.

This appeal is before the court on an emergency basis. The appellant, Hernando Williams, is under sentence of death imposed by the courts of the State of Illinois. That sentence is scheduled to be executed in the early morning hours of tomorrow, March 22, 1995. This appeal was filed in this court on March 21, 1995 at 9:35 p.m. C.S.T.

The essence of Mr. Williams' appeal is that the district court committed error when it denied his motion for relief under Rule 60(b), a motion filed earlier this evening and denied shortly thereafter by the district court. Mr. Williams' contention is that he was denied his rights under the Eighth Amendment's prohibition against cruel and unusual punishment by the length of the time that has expired during the appeals of his sentence to death. Mr. Williams has not raised this issue in any of his earlier petitions. *Cf. McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

The same issue was presented to another panel of this court earlier today. *See Free v. Peters,* 50 F.3d 1362 (7th Cir.1995). Free, also under sentence of death and scheduled for execution at about the same time as Mr. Williams, made the same argument. The panel distinguished the case before it from the situation presented by the petition for certiorari in *Lackey v. Texas,* —— U.S. ——, 115 S.Ct. 1274, 131 L.Ed.2d 192 (1995), currently pending on petition for writ of certiorari before the Supreme Court of the United States. In that case, the Supreme Court has granted a stay of execution until the disposition of the petition for a writ of certiorari. *Lackey v. Texas,* —— U.S. ——, 115 S.Ct. 1274, 131 L.Ed.2d 192 (1995). The *Free* panel rejected any similarity because it believed that the time expended on direct appeals in *Free* was substantially different from the periods in *Lackey.* The rest of the time in *Free* was due to the defendant's decision to pursue discretionary appeals. Although the chronology in Mr. Williams' case is not exactly the same as the chronology in *Free,* we cannot say that the differences in time are of such a magnitude as to require a different result. Accordingly, we are bound by the doctrines of stare decisis and precedent to the rule established by the panel in *Free.* We have also been informed that the Supreme Court has denied all relief to Free.

We turn now to the application for a stay of execution that accompanies the appeal. The criteria for granting such a stay are set forth in some detail in our recent opinion in *Williams v. Chrans,* 50 F.3d 1358 (7th Cir. 1995) (per curiam); *see also United States v. Holland,* 1 F.3d 454 (7th Cir.1993) (Ripple, J., in chambers).

In this case, as in all death cases, there is no question of irreparable injury. The only issue is whether there is a probability of success on the merits. In the procedural posture of this case, the appropriate inquiry is whether there is a probability that four

Justices will vote to grant certiorari and whether there is a possibility that five of the Justices will vote to reverse the judgment of this court. The burden is on Mr. Williams to establish that these criteria have been met. He notes that the Supreme Court of the United States has granted a stay of execution in *Lackey* that raises the issue of the applicability of the Eighth Amendment to appellate delays in the review of capital cases. The Supreme Court applies the same criteria to a motion for stay as does this court. Therefore, we must conclude that a majority of the Justices believe that, at least as the issue is presented in *Lackey*, there is a probability that Mr. Lackey's case will be heard by the entire Court and that there is a possibility that five Justices will vote to reverse that judgment.

It is difficult, however, for us to predict the extent to which the final disposition in *Lackey* might affect the contours of Eighth Amendment jurisprudence. The Supreme Court's action in *Lackey* appears on a doctrinal scene that is devoid of guideposts at present. It is also difficult, at this point, to see how the application of any rule established in *Lackey* would avoid the strictures of *Teague v. Lane*, 489 U.S. 288, 301, 109 S.Ct. 1060, 1070, 103 L.Ed.2d 334 (1989). Finally, we must take into consideration the considered judgment of the *Free* panel in denying the same relief. Even if we were to assume that the doctrines of stare decisis and precedent do not apply with the same rigor in this context as they do in others, we must give the judgment of the earlier panel respectful consideration. In this unusual context, we believe that the appropriate course is to deny the relief requested. In the little time remaining, a Justice of the Supreme Court can render a far more informed judgment than can we with respect to the future scope of any jurisprudential shift to occur in the *Lackey* case.

Accordingly, the judgment of the district court is affirmed. The mandate shall issue immediately. The stay of execution is denied.