In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1114

WILLIAM A. BOOKS and MICHAEL SUETKAMP,

Plaintiffs-Appellants,

v.

CITY OF ELKHART, INDIANA,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 98 C 230--Allen Sharp, Judge.

MOTION TO RECALL AND STAY THE MANDATE/*
January 31, 2001

   RIPPLE, Circuit Judge (in chambers).  This matter
is before me on the application of the City of
Elkhart, Indiana, for a stay of this court's
mandate while the City seeks a writ of certiorari
in the Supreme Court of the United States. When
this application was first presented to me, I
ordered that the plaintiffs file a response. That
response has been received, and the matter is now
before me for disposition.

   Familiarity with our decision in Books v. City
of Elkhart, 235 F.3d 292 (7th Cir. 2000), is
presumed; I shall set forth only a thumbnail
sketch of the underlying litigation. The
plaintiffs, William Books and Michael Suetkamp,
residents of Elkhart, brought this action because
they objected to the placement of a monument
inscribed with the Ten Commandments on the lawn
of Elkhart's Municipal Building. The district
court granted summary judgment in favor of the
City. On December 13, 2000, this court reversed
that decision. We held that, under the facts
established in this record, the primary purpose
and effect of the monument is to advance or
endorse religion; therefore, the display violates
the Establishment Clause of the First Amendment
to the Constitution of the United States. We then
remanded the case with instructions that the
district court fashion a remedy that, while
correcting the condition that offends the

Constitution, otherwise does not intrude on the authority of local government to decide on the placement of the monument. We noted that arriving at a realistic solution would take some time and expressed confidence that the district court would ensure that Elkhart authorities had a reasonable time to address in a reasonable and prudent manner the task of conforming to the letter and the spirit of the constitutional requirement.

1.

When a party asks this court to stay its mandate pending the filing of a petition for a writ of certiorari, that party must show that the petition will present a substantial question and that there is good cause for a stay. See Fed. R. App. P. 41(d)(2)(A). The grant of a motion to stay the mandate "is far from a foregone conclusion." 16A Charles Alan Wright et al., Federal Practice and Procedure sec. 3987.1 (3d ed. 1999). Instead, the inquiry must focus on whether the applicant has a reasonable probability of succeeding on the merits and whether the applicant will suffer irreparable injury. See Williams v. Chrans, 50 F.3d 1358, 1360 (7th Cir. 1995) (per curiam); United States v. Holland, 1 F.3d 454, 456 (7th Cir. 1993) (Ripple, J., in chambers).

2.

To demonstrate a reasonable chance of succeeding on the merits, the applicant must show a reasonable probability that four Justices will vote to grant certiorari and a reasonable possibility that five Justices will vote to reverse the judgment of this court. See Williams, 50 F.3d at 1360; Holland, 1 F.3d at 456. In undertaking this assessment, I must consider the issues that the applicant plans to raise in the certiorari petition in the context of the case history, the Supreme Court's treatment of other cases presenting similar issues, and the considerations that guide the Supreme Court in determining whether to issue a writ of certiorari. See Williams, 50 F.3d at 1361. This assessment requires that I undertake a somewhat different task than that performed by a circuit judge in deciding a case on the merits. The Supreme Court has made it clear that, in deciding cases presented in the normal course of decision, a lower court judge ought not anticipate changes in established doctrine. See State Oil Co. v. Khan, 522 U.S. 3, 20 (1997); Rodriguez de Quijas v. Shearson/American Express, Inc., 490 U.S. 477, 484 (1989). On the other hand, in determining whether to grant an application for stay of mandate, the judge must perform the predicative

function of anticipating the course of decision in the Supreme Court of the United States. See INS v. Legalization Assistance Project, 510 U.S. 1301, 1304 (1993) (O'Connor, J., in chambers).

Even taking into account this different perspective, I cannot say that the City has made a strong case that further review by the Supreme Court is warranted or that the Supreme Court will ultimately reach a decision different from the one reached in this court. The City asserts that this court's decision is in direct conflict with the Tenth Circuit's decision in Anderson v. Salt Lake City Corp., 475 F.2d 29 (10th Cir.), cert. denied, 414 U.S. 879 (1973), and the Colorado Supreme Court's decision in Colorado v. Freedom from Religion Foundation, Inc., 898 P.2d 1013 (Colo. 1995), cert. denied, 516 U.S. 1111 (1996). I cannot accept this contention. The Tenth Circuit recently acknowledged that "[s]ince Anderson was decided . . . more recent cases, including a Supreme Court case, casts [sic] doubt on the validity of our conclusion that the Ten Commandments monolith is primarily secular in nature." Summum v. Callaghan, 130 F.3d 906, 910 n.2 (10th Cir. 1997). Although the Tenth Circuit decided that it need not revisit the Anderson decision in Summum, the court noted that the Supreme Court in Stone v. Graham, 449 U.S. 39 (1980) (per curiam), said that "[t]he Ten Commandments are undeniably a sacred text in the Jewish and Christian faiths, and no legislative recitation of a supposed secular purpose can blind us to that fact." Summum, 130 F.3d at 912 n.8. The Supreme Court of Colorado's decision in Freedom from Religion Foundation, Inc. involves a placement situation significantly different from the one before us in this case. See 898 P.2d at 1015-17.

3.

The other assessment usually undertaken in deciding an application for stay of mandate is whether irreparable injury will take place if the stay is not granted. Here, it is necessary to balance the equities of granting a stay by assessing the harm to each party if a stay is granted. See California v. American Stores Co., 492 U.S. 1301, 1307 (1989) (O'Connor, J., in chambers); Holtzman v. Schlesinger, 414 U.S. 1304, 1308-09 (1973) (Marshall, J., in chambers). In this case, both parties agree that a stay ought to be granted. I also must take into consideration the public interest.

In their response to this application, the plaintiffs state that before any steps are taken to remedy the violation, the case "should be finally resolved in all respects." I agree that,

given the remedial task before the parties--a task that necessarily will require great wisdom and thoughtfulness by all the parties and their counsel--the public interest is best served by affording the City a full opportunity to seek review in the Supreme Court of the United States before its officials devote attention to formulating and implementing a remedy. Notably, in its opinion, this court specifically recognized that the formulation of a remedy would require significant time and attention. See Books, 235 F.3d at 307-08. The court specifically noted that "Elkhart has the right and, indeed, the obligation to take into consideration the religious sensibilities of its people and to accommodate that aspect of its citizens' lives in any way that does not offend the strictures of the Establishment Clause." Id. at 307.

4.

   Accordingly, although the City presents a weak case for a grant of certiorari, the equities of the situation counsel that the parties not be required to address the merits until the City has been afforded an opportunity to present its contentions to the Justices of the Supreme Court of the United States. The mandate of this court is therefore stayed until the expiration of the time allowed for the filing of a petition for certiorari. If a petition is filed, this stay shall continue until the conclusion of all proceedings before the Supreme Court of the United States.

IT IS SO ORDERED.

/* This opinion was released initially in typescript form.