# In the

# United States Court of Appeals

# for the Seventh Circuit

No. 01-3448

NAVREET NANDA,

*Plaintiff-Appellee,*

*v.*

BOARD OF TRUSTEES OF THE
UNIVERSITY OF ILLINOIS,
BELLUR PRABHAKAR,
GERALD MOSS, et al.,

*Defendants-Appellants.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00 C 4757--**Rebecca R. Pallmeyer**, *Judge.*

ON MOTION TO STAY THE MANDATE

DECEMBER 3, 2002[*]

---

[*] This opinion is being initially released in typescript form.

RIPPLE, *Circuit Judge* (in chambers). This matter is before me on the application of the Trustees of the University of Illinois for a stay of this court's mandate pending its petition for a writ of certiorari to the Supreme Court of the United States. Familiarity with this court's opinion in the underlying litigation is presumed. *See Nanda v. Bd. of Trustees of the Univ. of Illinois*, 303 F.3d 817 (7th Cir. 2002).

The appropriate judicial inquiry in considering an application such as the one before me today has been set forth on numerous occasions. A party seeking a stay of mandate pending the filing of a petition for writ of certiorari must establish that the petition will present a substantial question and that there is good cause for a stay. *See* Fed. R. App. P.41(d)(2)(A). We therefore ask whether the applicant has a reasonable probability of succeeding on the merits and whether the applicant will suffer irreparable injury. *See Williams v. Chrans*, 50 F.3d 1358, 1360 (7th Cir. 1995) (per curiam).

To demonstrate a reasonable chance of success on the merits, the applicant must show a reasonable *probability* that at least four Justices will vote to grant certiorari *and* a reasonable *possibility* that at least five Justices will vote to reverse the judgment of this court. This task requires that I view the case from a different perspective than I ordinarily would take in deciding a case in the regular course of business. In deciding a case, a circuit judge must not anticipate future changes in jurisprudential course by the Supreme Court of the United States; it is the task of a circuit judge to apply established doctrine. *See State Oil Co. v. Kahn,* 522 U.S. 3, 20 (1997). The present situation, by contrast, requires that I perform the predictive function of attempting to determine the future course of the Supreme Court's jurisprudence.

Even taking into account this different perspective, I cannot say that the University has met its burden. The Supreme Court has

held that various statutory schemes are infirm because they are not premised on an appropriate exercise of Congressional power under Section 5 of the Fourteenth Amendment.[1]  However, my colleagues and I, after careful study, have concluded that Congress' exercise of its legislative power in enacting Title VII is based on far firmer footing.  We have determined that Title VII's disparate treatment provision is a legislative measure well-tailored to address the same sort of intentional discrimination that the Fourteenth Amendment itself forbids.  Like our colleagues in the Eighth Circuit, *see Okruhlik v. Univ. of Arkansas,* 255 F.3d 615 (8th Cir. 2001), we also determined that Congress had ample evidence of discrimination when it enacted this legislation.[2]  Indeed, in *Varner v. Illinois State University*, 226 F.3d 927 (7th Cir. 2000), *cert. denied*, 533 U.S. 902 (2001), another panel of this court noted that this well-documented history of discrimination is embodied in the jurisprudence of the Supreme Court itself.

Under these circumstances, I cannot say that the Supreme Court, faced with unanimity among the circuits that have decided the issue, nevertheless will determine that this case is worthy of a grant of certiorari.  Nor can I say that there is a reasonable possibility that the Supreme Court ultimately would decide to reverse the judgment of this court.

---

[1] *See, e.g., Trustees of the Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000).

[2] Therefore, this is not a case, such as many of those cited by the University in support of its motion to stay, which involves or creates a conflict among the circuits. *Cf. United States v. Holland*, 1 F.3d 454, 456 (7th Cir. 1993) (in chambers) ("A conflict among the circuits is an accepted basis for the granting of a writ of certiorari.").

Accordingly, the application for stay of mandate is denied.

APPLICATION FOR STAY DENIED