In the
# United States Court of Appeals
### For the Seventh Circuit

———

Nos. 02-3914, 02-3915

UNITED STATES OF AMERICA,

*Petitioner-Appellee,*

*v.*

BDO SEIDMAN, regarding promoter
examination of BDO Seidman,

*Respondent-Appellee.*

APPEALS OF:  JOHN DOE and
JANE DOE and RICHARD ROE and
MARY ROE,

*Proposed Intervenors.*

———

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 02 C 4822 – **Milton I. Shadur**, *Judge.*

———

ON MOTION TO STAY THE MANDATE

SEPTEMBER 25, 2003[*]

———

———

[*]  This opinion is being released initially in typescript form.

RIPPLE, *Circuit Judge* (in chambers). John and Jane Doe and Richard and Mary Roe, appellants in this matter, have filed a motion to stay issuance of the mandate of this court pending the filing of a petition for a writ of certiorari.

A movant seeking a stay of this court's mandate pending the filing of a petition for a writ of certiorari must demonstrate a reasonable probability of succeeding on the merits and that the movant will suffer irreparable injury absent a stay. *Nanda v. Board of Trs. of the Univ. of Ill.*, 312 F.3d 852, 853 (7th Cir. 2002) (Ripple, J., in chambers). To demonstrate a reasonable probability of success on the merits, the movant must demonstrate a reasonable probability that four Justices will vote to grant certiorari and a reasonable possibility that five Justices will vote to reverse this court's judgment. *Id.* at 853-54.

The appellants have not met their burden. First, from a procedural perspective, the motion fails to certify that the appellants in fact are filing a certiorari petition and fails to identify any issues they will raise in the petition. *See* Practitioner's Handbook for Appeals, p.89 (2003) (requiring counsel to make such a certification and identify the issues to be raised). More significantly, the appellants' 3-page motion states only that the panel's opinion "arguably is in conflict with prior opinions of this circuit." Motion at 3. Beyond this bare assertion, the motion contains no argument about whether the Supreme Court is likely to grant certiorari and to reverse the judgment of this court. As demonstrated by the panel's opinion, its holding does not conflict with any Supreme Court authority or with any authority from other circuits.

In short, the motion seems inadequate on its face. Because the appellants have failed to demonstrate a reasonable probability of success on the merits, the motion must be denied.

MOTION TO STAY MANDATE DENIED