# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 02-3512

BRICKLAYERS LOCAL 21 OF ILLINOIS APPRENTICESHIP
AND TRAINING PROGRAM and MASONRY INSTITUTE,
BRICKLAYERS LOCAL 21 PENSION FUND,

*Plaintiffs-Appellees,*

*v.*

BANNER RESTORATION, INCORPORATED,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for
the Northern District of Illinois, Eastern Division.
No. 99 C 6633—**Martin C. Ashman**, *Magistrate Judge.*

_____

ON MOTION TO RECALL THE MANDATE
OCTOBER 5, 2004[*]

_____


RIPPLE, *Circuit Judge* (in chambers). Appellant Banner
Restoration, Inc. ("Banner") moves to stay the mandate
pending the filing of a petition for a writ of certiorari.
Familiarity with this court's opinion in the underlying liti-
gation is presumed. *See Bricklayers Local 21 Pension Fund v.
Banner Restoration, Inc.*, No. 02-3512 (7th Cir. Sept. 22, 2004).

_____

[*] This opinion was initially released in typescript form.

To stay the mandate, Banner must show that its petition "would present a substantial question and that there is good cause for a stay." Fed. R. App. P. 41(d)(2)(A); *Nanda v. Bd. of Trs. of Univ. of Ill.*, 312 F.3d 852, 853 (7th Cir. 2002) (Ripple, J., in chambers). This standard requires Banner to demonstrate both "a reasonable probability of succeeding on the merits" and "irreparable injury absent a stay." *Galdikas v. Fagan*, 347 F.3d 625 (7th Cir. 2003) (Ripple, J., in chambers).[1] A reasonable probability of success means "a reasonable probability that four Justices will vote to grant certiorari and a reasonable possibility that five Justices will vote to reverse this court's judgment." *Id.*; *Nanda*, 312 F.3d at 853-54.

Banner advances three main arguments. First, it contends that the court erred by interpreting Section 302(c)(5)(B) of the Labor Management Relations Act so as not to require a signed agreement to show the existence of a *written* agreement between the parties. *See Bricklayers Local 21 Pension Fund*, No. 02-3512, slip. op. at 12-19. Although Banner contends that this is a matter of first impression, it does not develop this argument in any way, much less cite authority to suggest that the court's conclusion was in error and that four Justices would vote to grant certiorari.

Similarly, Banner also argues that the court's decision creates a conflict with *Moglia v. Geoghegan*, 403 F.2d 110 (2d Cir. 1968). This argument, however, ignores the court's discussion of the fact that the Second Circuit later clarified *Moglia* in *Brown v. C. Volante Corp.*, 194 F.3d 351, 355 n.1 (2d Cir. 1999), stating that *Moglia* did not "graft a signature

---

[1] Banner's motion also could be denied simply because it does not discuss the irreparable harm Banner would suffer if the stay were denied. *See Galdikas*, 347 F.3d at 625; *United States v. BBO Seidman*, 345 F.3d 465, 466 (7th Cir. 2003) (Ripple, J., in chambers) (denying motion for stay that was "inadequate on its face").

requirement onto Section 302(c)(5)(B)." *See Bricklayers Local 21 Pension Fund*, slip op. at 16-17 n.8. Therefore, even if this court ultimately erred on this point, Banner cannot show a split between the circuits that would favorably indicate success for a petition for a writ of certiorari. *See United States v. Holland*, 1 F.3d 454, 456 (7th Cir. 1993) ("A conflict among the circuits is an accepted basis for the granting of the writ of certiorari.").

Finally, Banner makes much of its belief that its payments to the trust funds were coerced by the appellees' threats to picket and strike. The district court, however, found the testimony of Banner's president to be unbelievable on this issue, and, given the deference accorded such determinations, *Vollmer v. Publishers Clearing House*, 248 F.3d 698, 706 (7th Cir. 2001), it is unlikely to succeed as the basis for a petition for certiorari.

### Conclusion

For the foregoing reasons, I deny the appellant's motion for a stay of the mandate.

STAY OF MANDATE DENIED

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*