# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1568

_____

| | | |
|---|---|---|
| John Doe, I, on their own behalf and as representatives of the class of all sex offenders in the State of Iowa; John Doe, II, on their own behalf and as representatives of the class of all sex offenders in the State of Iowa; John Doe, III, on their own behalf and as representatives of the class of all sex offenders in the State of Iowa, | * * * * * * * * * | |
| Appellees, | * | |
| v. | * * * | Appeal from the United States District Court for the Southern District of Iowa. |
| Tom Miller, Iowa Attorney General; | * * | |
| Appellant. | * * | |
| J. Patrick White, as representatives of the class of all county attorneys in Iowa; Michael Wolf, as representatives of the class of all county attorneys in Iowa, | * * * * * * | |
| Defendants. | * | |

_____

Filed: August 8, 2005 (Corrected: 08/24/05)

Before RILEY, MELLOY, and COLLOTON, Circuit Judges.

COLLOTON, Circuit Judge.

This matter is before the court on the appellees' motion to stay the mandate pending the filing of a petition for writ of certiorari in the Supreme Court. The motion follows this court's decision rejecting appellees' constitutional challenges to the residency restrictions of Iowa Code § 692A.2A, relating to certain sex offenders. *Doe v. Miller*, 405 F.3d 700 (8th Cir. 2005). Federal Rule of Appellate Procedure 41(d) provides that a motion to stay the mandate must show that the certiorari petition would present a substantial question and that there is good cause for a stay. In determining such a motion, we consider whether there is a reasonable probability that the Supreme Court will grant certiorari, whether there is a fair prospect that the movants will prevail on the merits, whether the movants are likely to suffer irreparable harm in the absence of a stay, and the balance of the equities, including the public interest. *See, e.g., Rostker v. Goldberg*, 448 U.S. 1306, 1308 (1980) (Brennan, J., in chambers); *United States v. Holland*, 1 F.3d 454, 456 (7th Cir. 1993) (Ripple, J., in chambers); Stern, et al., *Supreme Court Practice*, § 17.19 (8th ed. 2002); Fed. R. App. P. 41(d), advisory committee's note (discussing 1994 amendment to subdivision (b) and citing Stern, *supra*).

It is often difficult to predict whether the Supreme Court will grant review in a case involving constitutional issues that have not been addressed directly in previous decisions of the Court. The only arguments advanced by appellees that bear on the likelihood of further review are that the panel divided two to one on its decision finding the statute constitutional, (Motion at ¶ 2), that five members of this court expressed a willingness to consider the matter en banc, (*id*. at ¶ 3), and that the case presents a matter of "first impression" in the federal courts. (*Id*. at ¶ 4).

The first point is not accurate. The panel unanimously rejected the appellees' facial challenge to the constitutionality of the Iowa statute; the only division

concerned the narrower question whether application of the statute to sex offenders convicted prior to the date of enactment ran afoul of the *Ex Post Facto* Clause. Of course, the Court may deem the latter issue alone worthy of review, *cf. Smith v. Doe*, 538 U.S. 84 (2003), and it might choose to review questions decided by a unanimous panel. But to the extent appellees rely on division in the panel to show a likelihood of further review, and to justify a continued injunction against enforcement of the entire statute, the argument is of little persuasive value. The panel was unanimous in rejecting appellees' broad arguments that enforcement of the statute should be enjoined with respect to sex offenders convicted after July 2002.

That the case presents issues of "first impression" does not really suggest a probability of further review. It means that there is no conflict in authority among the courts of appeals that might prompt the Court to grant certiorari. *See* Sup. Ct. R. 10(a); *see also Doe v. Petro*, 2005 WL 1038846, at \* 3 (S.D. Ohio May 3, 2005) (rejecting request for temporary injunction of Ohio statute restricting residency of sex offenders after concluding that plaintiffs were unlikely to succeed on the merits of their claims). And it increases the possibility that the Court might think it better to allow the States an opportunity to experiment with legislation regulating the residency of sex offenders, and to revisit or reconsider such legislation after early experience, before the Court enters the fray to establish what might be bright-line constitutional rules. Again, of course, the Court may view the issues raised as important questions of federal law that should be settled immediately, *see* Sup. Ct. R. 10(c), but this is a different point relating to the importance of the questions, rather than the novelty of the questions in the federal courts.

In a related argument, appellees urge that we should stay the mandate pending a decision by the Supreme Court of Iowa concerning the constitutionality of the statute, because a holding by the state court that the statute is unconstitutional would "moot" further action by the plaintiff class. It might also be argued that a decision of the state court of last resort in Iowa that conflicted with a decision of this court would

increase the likelihood of review by the Supreme Court of the United States. *See* Sup. Ct. R. 10(b). After the motion was filed, however, the Supreme Court of Iowa held unanimously that the Iowa statute does not infringe the rights of a sex offender under the substantive and procedural components of the Due Process Clause, the Self-Incrimination Clause, or the Cruel and Unusual Punishment Clause, and ruled by a vote of 5 to 2 that the statute is consistent with the *Ex Post Facto* Clause. *State v. Seering*, No. 03-0776, 2005 WL 1790924 (Iowa July 29, 2005). This decision eliminates one ground urged in support of the motion to stay mandate, and the uniformity of opinion between this court and the highest court in Iowa is a factor weighing against the likelihood of further review.

This appeal does present several issues of constitutional law, including one that divided the panel, and five members of our court thought the case worthy of en banc review. We do not doubt that a petition for writ of certiorari will receive careful consideration by the Court. A "reasonable probability" is something less than "more likely than not," and it may be a close case whether there is a "reasonable probability" of further review. We do not believe appellees have demonstrated a particularly strong probability.

Appellees assert that if the mandate issues, "some" sex offenders will suffer "significant hardship," because they will have to move their residences from a restricted zone to a permissible area. (Motion at ¶¶ 1, 5). They do not frame their argument in terms of irreparable harm, and in one sense, there would be none. If appellees ultimately succeed in the Supreme Court, and enforcement of the statute is enjoined, then any sex offender who is required to move from a restricted zone will be able to reestablish a residence within the zone. Although appellees do not press the point, we recognize that the costs of moving a residence may constitute a form of "irreparable harm," because they would not be recoverable if the statute is later declared unconstitutional. Appellees, however, provide no basis in the record for us to determine how many members of the plaintiff class would be impacted, and the

measure of the potential harm is largely speculative. The likelihood of this harm, moreover, is lessened to some extent by a "grandfather provision" for any residence established prior to the enactment of the statute in July 2002. Iowa Code § 692A.2A(4)(c). Only new residences established in the last three years would be affected.

We turn finally to the balance of the equities. To whatever extent members of the plaintiff class would be required to move their residences, there would be some cost and hardship. This equitable consideration, however, is balanced by the public interest in enforcement of the statute, both with respect to members of the plaintiff class who currently reside in a restricted zone, and as it relates to those sex offenders who might seek to reside near a school or child care facility in the future. Iowa Code § 692A.2A is public safety legislation enacted three years ago on a matter of great public concern. This court and the Supreme Court of Iowa have held that it is constitutional. Given the relatively modest showings by the appellees on the likelihood of further review and the risk of irreparable harm, we believe that the equities and the public interest ultimately tip the balance against a stay of the mandate. As always, a stay may be available from the Supreme Court itself if a Justice of the Court concludes that the governing factors weigh differently. *See* 28 U.S.C. § 2101(f); Sup. Ct. R. 23. Our judgment is that a stay of the mandate is not warranted.

For the foregoing reasons, the appellees' motion to stay mandate is denied.

Judge Melloy dissents and would grant the motion.

_____