

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-17-2007

# Nara v. Frank

Precedential or Non-Precedential: Precedential

Docket No. 05-4779

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Nara v. Frank" (2007). *2007 Decisions*. Paper 660.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/660

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4779
_____

JOSEPH NARA

v.

FREDERICK FRANK,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 99-cv-00005)
District Judge: The Honorable Terrence F. McVerry
_____

BEFORE: SMITH, WEIS, and NYGAARD, <u>Circuit</u> <u>Judges</u>.

(Filed July 17, 2007)
_____

Christopher D. Carusone, Esq.
Office of the Attorney General of Pennsylvania
Appeals and Legal Services
Strawberry Square
Harrisburg, PA 17120

    Counsel for Appellant


Lisa B. Freeland, Esq.
Office of the Federal Public Defender
1001 Liberty Avenue
1450 Liberty Center
Pittsburgh, PA 15222

    Counsel for Appellee


_____

OPINION SUR MOTION TO STAY THE MANDATE
AND ORDER OF THE COURT
_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Presently before the Court is a motion by the Commonwealth of Pennsylvania to stay the mandate of our decision in *Nara v. Frank*, No. 05-4779, pending its filing of a petition for writ of *certiorari*. Familiarity with this Court's opinion in the underlying litigation is presumed. *Nara v. Frank*, – F.3d – 2007 WL 1321929 (3d Cir. May 8, 2007).

2

.

In exceptional cases, a party may obtain a stay of our mandate if it can demonstrate that its petition presents a "substantial question and that there is good cause for a stay." FED. R. APP. P. 41(d)(2)(A) (2007). This standard requires the movant to show: (1) a reasonable probability that the Supreme Court will grant *certiorari*; (2) a reasonable possibility that at least five Justices would vote to reverse this Court's judgment; and (3) a likelihood of irreparable injury absent a stay. In a close case, the movant should make a showing that, on balance, the interests of the parties and the public favor a stay. *Rostker v. Goldberg*, 448 U.S. 1306, 1308 (1980) (Brennan, J., in chambers); *Bricklayers Local 21 v. Banner Restoration, Inc.*, 384 F.3d 911, 912 (7th Cir. 2004) (Ripple, J., in chambers); *Doe v. Miller*, 418 F.3d 950, 951 (8th Cir. 2005); FED. R. APP. P. 41(d) advisory committee's note.

The Commonwealth has failed to meet these requirements. First, the Commonwealth contends that the Supreme Court's holding in *Baldwin v. Reese*, 541 U.S. 27, 32 (2004), limited the viability of the analysis we set forth in *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999), but it has not demonstrated that the state courts were required to look beyond Mr. Nara's petitions or briefs for a federal claim. Second, the Commonwealth argues that we gave insufficient deference to the state courts' rulings and erred in concluding that Nara's competency claim was not procedurally defaulted. The Commonwealth, however, does not develop these arguments in any way, much less cite authority to suggest that at least five Justices would disagree with our analysis.

3

Finally, the Commonwealth has failed to show that an "irreparable injury" is likely absent a stay. Nothing prevents the Commonwealth from preparing to commence trial within 120 days while simultaneously filing a petition for *certiorari*.

For the foregoing reasons, it is ORDERED that the motion to stay the mandate is DENIED. This is without prejudice to the applicant's right to file a timely petition for writ of *certiorari*.

4