ORDER

By opinion dated October 12, 2007, we vacated the district court’s dismissal of the Plaintiffs’ claims under the Alien Tort Claims Act and remanded to the district court for further proceedings. Pursuant to Rule 41 of the Federal Rules of Appellate Procedure, Defendants-Appellees, thirty-six domestic and foreign corporations (hereinafter “the Corporations”), have moved this Court to stay issuance of the mandate in this action, pending their petition for certiorari to the Supreme Court.[1] By order dated November 9, 2007, we DENIED the motion by majority vote of the panel. We write to explain the basis for our decision; Judge Korman, dissenting from the denial, writes separately. To grant a stay at this juncture would deprive the district court of the opportunity to address the principal issue upon which the Corporations seek Supreme Court review: whether various prudential doctrines, including case-specific deference to the political branches, counsel dismissal of these claims. We expressly did not decide this issue on the present record and remanded to the district court for a determination in the first instance.
Rule 41 requires the party seeking a stay of the mandate to show that “the certiorari petition would present a substantial question and that there is good cause for a stay.” Fed. R. App. P. 41(d)(2)(A). Even if the movant makes the required showing, our decision to grant the stay is a matter of discretion. 20A Moore’s Federal Practice § 341.14 (3d ed.1997) (citing United States v. Holland, 1 F.3d 454, 456 (7th Cir.1993)). This Court has not ruled adversely to the Corporations on the issues of case-specific deference or the political question doctrine. Notwithstanding the absence of such a ruling, the Corporations argue, in an attempt to show good cause, that “the maintenance of these actions ... is an affront to South Africa’s sovereignty, an irritant to U.S. foreign relations with that country and others, and a disincentive to future multinational corporate investment in developing economies.” Mot. to Stay at 11-12.
The critical weakness in the Corporations’ motion is its premise that this issue has been sufficiently developed as to be fit for review by the Supreme Court. Contrary to the Corporations’ suggestion, “the district court explicitly refrained from addressing the defendants’ arguments that the ATCA claim presented a non-justicia-ble political question.” Khulumani v. Barclay Nat’l Bank Ltd., 504 F.3d 254, 262 (2d Cir.2007) (per curiam); see also In re S. African Apartheid Litig., 346 F.Supp.2d *153 538, 543 n. 4 (S.D.N.Y.2004) (“Defendants also argue that there is no case or controversy for this Court to hear under Article III of the Constitution ... because the matter is a non-justiciable political question. ... Given the Court’s finding that defendants are entitled to relief on other grounds, the Court need not address these remaining grounds for defendants’ motion.”).[2] Accordingly, we did not address the applicability of case-specific deference or other prudential doctrines because such questions require the type of careful case-by-case analysis to which district courts are better suited in the first instance. See Radio v. Karadzic, 70 F.3d 232, 249 (2d Cir.1995). We also note that it has been several years since this issue has been briefed, and the parties should be able to develop the record to take into account intervening developments. For these same reasons, we consider the Corporations’ application for Supreme Court review to be premature. And in the absence of an adverse ruling on the issue of case-specific deference or other prudential doctrines, the Corporations’ claim that they have demonstrated a likelihood of irreparable injury without a stay is unpersuasive.
We expect that the district court on remand will rule expeditiously; at that point, the parties can decide whether, and on what grounds, to pursue further appeals. Should the parties pursue further appeals, we (and, if necessary, the Supreme Court) will have the benefit of a fully developed foundation upon which to proceed. For the foregoing reasons, the motion is DENIED.

. We note that the Corporations did not petition for a panel rehearing or rehearing en banc.

. Nor has the district court had the opportunity to address the competing views on this issue. Compare Brief for the United States of America as Amicus Curiae, Brief for South Africa as Amicus Curiae, and Media Statement of Minister for Justice and Constitutional Development Brigitte Mabandla (Oct. 19, 2007), with Brief for South African Organizations, Unions and Political Parties and Brief for Commissioners and Committee Members of South Africa's Truth and Reconciliation Commission as Amici Curiae (including the views of Archbishop Desmond Tutu).