RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 25a0128p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

KARU GENE WHITE,

                *Petitioner-Appellant*,

    *v.*

LAURA PLAPPERT, Warden,

                *Respondent-Appellee*.

No. 21-5958

─────────────────

On Motion to Stay the Mandate.

United States District Court for the Eastern District of Kentucky at Lexington.
No. 5:02-cv-00492—Karen K. Caldwell, District Judge.

Decided and Filed:  May 13, 2025

Before:  BATCHELDER, STRANCH, and THAPAR, Circuit Judges.

─────────────────

**COUNSEL**

**ON MOTION TO STAY THE MANDATE:**  Donald B. Verrilli, Jr., Ginger D. Anders, MUNGER, TOLLES & OLSON, Washington, D.C., David M. Barron, KENTUCKY DEPARTMENT OF PUBLIC ADVOCACY, Frankfort, Kentucky, for Appellant.

─────────────────

**ORDER**

─────────────────

THAPAR, Circuit Judge.  Karu Gene White has moved pursuant to Federal Rule of Appellate Procedure 41 to stay this court's mandate pending his petition for certiorari to the Supreme Court of the United States.  Because White's own motion demonstrates that he faces no risk of irreparable harm if we do not stay our mandate, we deny his motion.

To warrant a stay of the mandate, White "must show that [his] petition [for certiorari] would present a substantial question and that there is good cause for a stay."  Fed. R. App. P. 41(d)(1).  That is "a daunting standard."  *Davenport v. MacLaren*, No. 17-2267, 2020 U.S. App. LEXIS 35140, at *2 (6th Cir. Nov. 5, 2020) (single-judge order).  White must make the familiar showings for a stay like "a reasonable probability of succeeding on the merits" and "irreparable injury absent a stay."  *Senne v. Village of Palatine*, 695 F.3d 617, 619 (7th Cir. 2012) (single-judge order) (citations omitted); *see also Nara v. Frank*, 494 F.3d 1132, 1133 (3d Cir. 2007) (single-judge order) (same); *cf. Nken v. Holder*, 556 U.S. 418, 434 (2009) (noting that the irreparable injury and likelihood of success requirements are the two "most critical" factors under the traditional stay inquiry).

Because stays issued pursuant to Rule 41 are tied to the certiorari process, showing likely success on the merits under Rule 41 requires showing "a reasonable probability that four Justices will vote to grant certiorari and that five Justices will vote to reverse the judgment of this court."  *Senne*, 695 F.3d at 619.  Meanwhile, Rule 41's "good cause" language calls for looking to the normal principles that guide equitable relief like irreparable harm.  *Cf. Starbucks Corp. v. McKinney*, 602 U.S. 339, 345, 347 (2024) (concluding as much with regards to similar language of "just and proper").

Therefore, the test for stays under Rule 41 mirrors the Supreme Court's own test for granting stays pending the filing of a petition for certiorari:  the movant must show "(1) a reasonable probability that four Justices will consider the issue sufficiently meritorious to grant certiorari; (2) a fair prospect that a majority of the Court will vote to reverse the judgment below; and (3) a likelihood that irreparable harm will result from the denial of a stay."  *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam).

Here, we need not address the merits prong (the prospects for certiorari and reversal) because White has made no showing of irreparable harm.

White fails to discuss what irreparable harm he would suffer if we were not to stay our mandate pending his petition for certiorari.  That failure is reason enough to deny his motion. After all, "[t]o show good cause, the movant must explain 'how it would suffer irreparable harm

if the stay were denied.'" *Ackerman v. Washington*, No. 20-1363, 2021 U.S. App. LEXIS 33271, at *1 (6th Cir. Nov. 9, 2021) (single-judge order) (quoting *Davenport*, 2020 U.S. App. LEXIS 35140, at *3). So a motion to stay the mandate under Rule 41 can "be denied simply because it does not discuss the irreparable harm [the movant] would suffer if the stay were denied." *Bricklayers Loc. 21 of Ill. Apprenticeship & Training Program v. Banner Restoration, Inc.*, 384 F.3d 911, 912 n.1 (7th Cir. 2004) (single-judge order); *see also Davenport*, 2020 U.S. App. LEXIS 35140, at *3 (same); *Ackerman*, 2021 U.S. App. LEXIS 33271, at *1–2 (same).

To be sure, when it comes to irreparable injury, death penalty cases are often different. *Wainwright v. Booker*, 473 U.S. 935, 935 n.1 (1985) (Powell, J., concurring). "There can be no doubt that a defendant facing the death penalty at the hands of the state faces irreparable injury." *Williams v. Chrans*, 50 F.3d 1358, 1360 (7th Cir. 1995) (per curiam). But White himself has made clear that he will *not* face death—and thus will not suffer irreparable harm—during the pendency of his petition for certiorari.

White says as much while apparently shifting the burden of showing irreparable harm onto the warden. He argues that the warden will "suffer no harm" from a stay for three reasons. First, White argues that he will not imminently face execution because he "has a separate pending state court action" arguing that he is "exempt from execution." Mot. at 4. Second, an "injunction barring executions in Kentucky remains in place." *Id.* Although it's not clear what he means by this, White seems to refer to the Franklin Circuit Court's ongoing injunction against Kentucky's lethal injection protocols, which has been in place since 2010. *See Dep't of Corr. v. Baze*, 701 S.W.3d 549, 550 (Ky. 2024) (discussing the injunction). Third, certain aspects of Kentucky's execution procedures have been "declared unconstitutional and void." Mot. at 4. Therefore, White concludes, "it would not be possible for White's execution to be scheduled soon and certainly not before the petition for a writ of certiorari is filed and acted upon." *Id.*

We appreciate White's candor on this score. He tells us there is no chance that he will be executed while his petition for certiorari is pending. He has accordingly failed to show "how [he] would suffer irreparable harm if the stay were denied." *Davenport*, 2020 U.S. App. LEXIS 35140, at *3. The fact that the warden would "suffer no harm" if we were to grant the stay is beside the point. It is White's burden as the movant to show that he will suffer irreparable harm

absent relief. *Senne*, 695 F.3d at 619; *Nken*, 556 U.S. at 433–34 ("The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [our] discretion.").[1]

Should any of this change while White's petition is pending, he can always notify the Supreme Court and seek appropriate relief, or petition this court again, making the appropriate showings. We deny his motion.

---

[1]White adds that our circuit routinely grants Rule 41 motions like this one. Of course, that's not always the case. *See, e.g.*, *Davenport*, 2020 U.S. App. LEXIS 35140 (denying a Rule 41 stay motion); *Ackerman*, 2021 U.S. App. LEXIS 33271 (same); *Cassano v. Shoop*, No. 18-3761 (6th Cir. Sept. 2, 2021) (same). And regardless of what panels have done on different facts in different capital cases, Rule 41 imposes a burden on White to demonstrate good cause for a stay and that his petition for certiorari would present substantial questions. Indeed, "the grant of a motion to stay the mandate in these circumstances is far from a foregone conclusion." 9A Charles Alan Wright, Arthur R. Miller, & Catherine T. Struve, *Federal Practice and Procedure* § 3987.1 (5th ed. 2022); *see also United States v. Holland*, 1 F.3d 454, 456 (7th Cir. 1993) (single-judge order) ("Relief is not, however, a matter of right but of sound judicial discretion."). The language of Rule 41 aims "to alert the parties to the fact that a stay of mandate is not granted automatically." Fed. R. App. P. 41(d), advisory committee's note to 1994 amendment. While many death penalty cases may present a likelihood of irreparable harm if a stay is not issued, this one does not.