LEDBETTER, COMMISSIONER, GEORGIA DEPT. OF
HUMAN RESOURCES *v.* BALDWIN ET AL.

No. A–448.   Decided December 18, 1986

JUSTICE POWELL, Circuit Justice.

Applicant in this case is the Commissioner of the Georgia Department of Human Resources.   He promulgated regulations implementing 42 U. S. C. § 602(a)(38) (1982 ed., Supp. III).   That section alters the requirements for state plans distributing grants under the Aid to Families with Dependent Children (AFDC) program.   Generally, § 602(a)(38) requires the States, in determining a family's need for AFDC payments, to consider child support payments made to certain children living with the family.   Respondents filed suit in the United States District Court for the Northern District of Georgia, contending that applicant's regulations violated the Federal Constitution in two respects: the regulations took property from the children without just compensation and violated substantive due process.   The District Court held in favor of respondents and declared the regulations unconstitutional.   Applicant sought a stay pending appeal from the District Court.   Before the District Court ruled on that motion, applicant filed a notice of appeal in this Court pur-

suant to 28 U. S. C. §§ 1252 and 2101. Subsequently, the District Court denied applicant's request for a stay.

Three considerations govern a Justice's decision whether to grant an application for a stay pending appeal. First, there must be a reasonable probability that four Members of the Court would consider the underlying issue sufficiently meritorious to justify notation of probable jurisdiction. Second, there must be a significant possibility of reversal of the lower court's decision. Finally, there must be a likelihood that irreparable harm will result if the lower court's decision is not stayed. See *Times-Picayune Publishing Corp.* v. *Schulingkamp*, 419 U. S. 1301, 1305 (1974) (POWELL, J., in chambers); *Graves* v. *Barnes*, 405 U. S. 1201, 1203–1204 (1972) (POWELL, J., in chambers).

Respondents concede that the case raises an issue sufficiently meritorious for the Court to note probable jurisdiction. On December 8, the Court noted probable jurisdiction in the similar cases of *Kirk* v. *Gilliard*, No. 86–564, and *Bowen* v. *Gilliard*, No. 86–509 (both on appeal from *Gilliard* v. *Kirk*, 633 F. Supp. 1529 (WDNC 1986)). My review of the papers filed with this application and in Nos. 86–564 and 86–509 convinces me that there is a significant possibility that the Court will reverse the lower court's decision in this case. Finally, the State will suffer irreparable harm if the decision is not stayed. The State will bear the administrative costs of changing its system to comply with the District Court's order. Even if this Court reverses the judgment of the District Court, it is unlikely that the State would be able to recover these costs. Similarly, it is unlikely that disputed payments made pursuant to the District Court's judgment could be recovered. On the other hand, respondents argue that they will suffer irreparable injury if a stay is issued. If the Court affirms the judgment of the District Court, a stay will have deprived them of the disputed payments during the period of the Court's consideration. If the State then pays the disputed amount with interest, as presumably it would,

this may not fully compensate respondents for the difficulties caused by interruption of their income. Although respondents' argument has some force, I conclude that the balance of irreparable injuries, coupled with the likelihood of reversal on the merits, supports a stay.

The application is granted.