William A. **BOOKS** and Michael Suetkamp, Plaintiffs–Appellants,

v.

**CITY OF ELKHART**, Indiana, Defendant–Appellee.

No. 00–1114.

United States Court of Appeals, Seventh Circuit.

Jan. 31, 2001.

Kenneth J. Falk (argued), Indiana Civil Liberties Union, Indianapolis, IN, for Plaintiffs–Appellants.

Paul D. Eash (argued), Vlado Vranjes, Elkhart, IN, for Defendant–Appellee.

Steven K. Green, Washington, DC, for Americans United for Separation of Church and State, Amicus Curiae.

Marc D. Stern, American Jewish Congress, New York, NY, for American Jewish Congress, Amicus Curiae.

John G. Stepanovich, American Center for Law & Justice, Virginia Beach, VA, for American Center for Law and Justice, Amicus Curiae.

Edward L. White, III, Thomas More Center for Law & Justice, Ann Arbor, MI, for Thomas More Center for Law and Justice, Amicus Curiae.

MOTION TO RECALL AND STAY
THE MANDATE *

RIPPLE, Circuit Judge (in chambers).

This matter is before me on the application of the City of Elkhart, Indiana, for a stay of this court's mandate while the City seeks a writ of certiorari in the Supreme Court of the United States. When this application was first presented to me, I ordered that the plaintiffs file a response. That response has been received, and the matter is now before me for disposition.

Familiarity with our decision in *Books v. City of Elkhart*, 235 F.3d 292 (7th Cir. 2000), is presumed; I shall set forth only a thumbnail sketch of the underlying litigation. The plaintiffs, William Books and Michael Suetkamp, residents of Elkhart,

brought this action because they objected to the placement of a monument inscribed with the Ten Commandments on the lawn of Elkhart's Municipal Building. The district court granted summary judgment in favor of the City. On December 13, 2000, this court reversed that decision. We held that, under the facts established in this record, the primary purpose and effect of the monument is to advance or endorse religion; therefore, the display violates the Establishment Clause of the First Amendment to the Constitution of the United States. We then remanded the case with instructions that the district court fashion a remedy that, while correcting the condition that offends the Constitution, otherwise does not intrude on the authority of local government to decide on the placement of the monument. We noted that arriving at a realistic solution would take some time and expressed confidence that the district court would ensure that Elkhart authorities had a reasonable time to address in a reasonable and prudent manner the task of conforming to the letter and the spirit of the constitutional requirement.

1.

■ When a party asks this court to stay its mandate pending the filing of a petition for a writ of certiorari, that party must show that the petition will present a substantial question and that there is good cause for a stay. *See* Fed. R.App. P. 41(d)(2)(A). The grant of a motion to stay the mandate "is far from a foregone conclusion." 16A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3987.1 (3d ed.1999). Instead, the inquiry must focus on whether the applicant has a reasonable probability of succeeding on the merits and whether the applicant will suffer irreparable injury. *See Williams v. Chrans*, 50 F.3d 1358, 1360 (7th Cir.1995) (per curiam); *United States v. Holland*, 1 F.3d

---

* This opinion was released initially in typescript form.

454, 456 (7th Cir.1993) (Ripple, J., in chambers).

**2.**

■ To demonstrate a reasonable chance of succeeding on the merits, the applicant must show a reasonable probability that four Justices will vote to grant certiorari and a reasonable possibility that five Justices will vote to reverse the judgment of this court. *See Williams,* 50 F.3d at 1360; *Holland,* 1 F.3d at 456. In undertaking this assessment, I must consider the issues that the applicant plans to raise in the certiorari petition in the context of the case history, the Supreme Court's treatment of other cases presenting similar issues, and the considerations that guide the Supreme Court in determining whether to issue a writ of certiorari. *See Williams,* 50 F.3d at 1361. This assessment requires that I undertake a somewhat different task than that performed by a circuit judge in deciding a case on the merits. The Supreme Court has made it clear that, in deciding cases presented in the normal course of decision, a lower court judge ought not anticipate changes in established doctrine. *See State Oil Co. v. Khan,* 522 U.S. 3, 20, 118 S.Ct. 275, 139 L.Ed.2d 199 (1997); *Rodriguez de Quijas v. Shearson/American Express, Inc.,* 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989). On the other hand, in determining whether to grant an application for stay of mandate, the judge must perform the predicative function of anticipating the course of decision in the Supreme Court of the United States. *See INS v. Legalization Assistance Project,* 510 U.S. 1301, 1304, 114 S.Ct. 422, 126 L.Ed.2d 410 (1993) (O'Connor, J., in chambers).

■ Even taking into account this different perspective, I cannot say that the City has made a strong case that further review by the Supreme Court is warranted or that the Supreme Court will ultimately reach a decision different from the one reached in this court. The City asserts that this court's decision is in direct conflict with the Tenth Circuit's decision in *Anderson v. Salt Lake City Corp.,* 475 F.2d 29 (10th Cir.), *cert. denied,* 414 U.S. 879, 94 S.Ct. 50, 38 L.Ed.2d 124 (1973), and the Colorado Supreme Court's decision in *Colorado v. Freedom From Religion Foundation, Inc.,* 898 P.2d 1013 (Colo.1995), *cert. denied,* 516 U.S. 1111, 116 S.Ct. 909, 133 L.Ed.2d 841 (1996). I cannot accept this contention. The Tenth Circuit recently acknowledged that "[s]ince *Anderson* was decided ... more recent cases, including a Supreme Court case, casts [sic] doubt on the validity of our conclusion that the Ten Commandments monolith is primarily secular in nature." *Summum v. Callaghan,* 130 F.3d 906, 910 n. 2 (10th Cir.1997). Although the Tenth Circuit decided that it need not revisit the *Anderson* decision in *Summum,* the court noted that the Supreme Court in *Stone v. Graham,* 449 U.S. 39, 101 S.Ct. 192, 66 L.Ed.2d 199 (1980) (per curiam), said that "[t]he Ten Commandments are undeniably a sacred text in the Jewish and Christian faiths, and no legislative recitation of a supposed secular purpose can blind us to that fact." *Summum,* 130 F.3d at 912 n. 8. The Supreme Court of Colorado's decision in *Freedom From Religion Foundation, Inc.* involves a placement situation significantly different from the one before us in this case. *See* 898 P.2d at 1015–17.

**3.**

The other assessment usually undertaken in deciding an application for stay of mandate is whether irreparable injury will take place if the stay is not granted. Here, it is necessary to balance the equities of granting a stay by assessing the harm to each party if a stay is granted. *See California v. American Stores Co.,* 492 U.S. 1301, 1307, 110 S.Ct. 1, 106 L.Ed.2d 616 (1989) (O'Connor, J., in chambers); *Holtzman v. Schlesinger,* 414 U.S. 1304, 1308–09, 94 S.Ct. 1, 38 L.Ed.2d 18 (1973) (Marshall, J., in chambers). In this case, both parties agree that a stay ought to be granted. I also must take into consideration the public interest.

In their response to this application, the plaintiffs state that before any steps are taken to remedy the violation, the case "should be finally resolved in all respects." I agree that, given the remedial task before the parties—a task that necessarily will require great wisdom and thoughtfulness by all the parties and their counsel—the public interest is best served by affording the City a full opportunity to seek review in the Supreme Court of the United States before its officials devote attention to formulating and implementing a remedy. · Notably, in its opinion, this court specifically recognized that the formulation of a remedy would require significant time and attention. *See Books*, 235 F.3d at 307–08. The court specifically noted that "Elkhart has the right and, indeed, the obligation to take into consideration the religious sensibilities of its people and to accommodate that aspect of its citizens' lives in any way that does not offend the strictures of the Establishment Clause." *Id.* at 307.

### 4.

Accordingly, although the City presents a weak case for a grant of certiorari, the equities of the situation counsel that the parties not be required to address the merits until the City has been afforded an opportunity to present its contentions to the Justices of the Supreme Court of the United States. The mandate of this court is therefore stayed until the expiration of the time allowed for the filing of a petition for certiorari. If a petition is filed, this stay shall continue until the conclusion of all proceedings before the Supreme Court of the United States.

It Is So Ordered.