In the
United States Court of Appeals
For the Seventh Circuit

Nos. 00-4110 & 01-1810

UNITED STATES OF AMERICA ex rel.
JANET CHANDLER, Ph.D.,

Plaintiff-Appellant, Cross-Appellee,

v.

COOK COUNTY, ILLINOIS,

Defendant-Appellee, Cross-Appellant.

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 97 C 514--Robert W. Gettleman, Judge.

ON MOTION TO RECALL THE MANDATE
FEBRUARY 15, 2002/*

RIPPLE, Circuit Judge (in chambers).
This matter is here on the motion of Cook
County, Illinois for a stay of this
court's mandate pending the filing of a
petition for certiorari in the Supreme
Court of the United States. A response to
this motion has been filed by Dr.
Chandler.

The standard for consideration of a
motion for stay of mandate pending
certiorari has been stated on several
occasions. In Books v. City of Elkhart,
239 F.3d 826 (7th Cir. 2001), I had
occasion to summarize the criteria as
follows:

When a party asks this court to stay its
mandate pending the filing for a petition
of a writ of certiorari, that party must
show that the petition will present a
substantial question and that there is
good cause for a stay. See Fed. R. App.
P. 41(d)(2)(A). The grant of a motion to
stay the mandate "is far from a foregone
conclusion." 16A Charles Alan Wright,
Arthur R. Miller & Edward H. Cooper,
Federal Practice and Procedure sec.
3987.1 (3d ed. 1999). Instead, the
inquiry must focus on whether the
applicant has a reasonable probability of
succeeding on the merits and whether the
applicant will suffer irreparable injury.

See Williams v. Chrans, 50 F.3d 1358, 1360 (7th Cir. 1995) (per curiam); United States v. Holland, 1 F.3d 454 456 (7th Cir. 1993) (Ripple, J., in chambers).

239 F.3d at 827-28. To demonstrate a reasonable probability of success on the merits, the applicant must show a reasonable probability that four Justices will vote to grant certiorari and a reasonable possibility that five Justices will vote to reverse the judgment of this court. See id. at 828. In this case, the applicant has pointed out that there exists a difference of opinion between this court, the Court of Appeals for the Fifth Circuit, see United States ex rel. Garibaldi v. Orleans Parish School Board, 244 F.3d 486 (5th Cir. 2001), and the Court of Appeals for the Third Circuit, see United States ex rel. Dunleavy v. County of Delaware, ___ F.3d ___, 2002 WL 111365 (3d Cir. 2002), on the issue of whether a county can be a party defendant in an action under the Federal False Claims Act. See 31 U.S.C. sec.sec. 3729 et seq.

In applying this standard, I must perform the predictive function of anticipating the course of decision in the Supreme Court of the United States. Although a conflict among the circuits is one of the criteria employed by the Supreme Court in determining whether to grant certiorari, there are many cases in which the Court decides to let a conflict stand or at least to allow a good number of circuits to decide the issue before determining whether the conflict will persist. However, another factor must also be considered. The issue is important to the municipalities across the United States which participate in federal grant programs and to the United States in administering federal funds responsibly. These two factors indicate that the possibility of the Supreme Court's granting certiorari in this or another case raising the issue is not entirely insubstantial.

When it comes to the question of whether there is a possibility that five of the Justices will reverse this court's judgment, the predictive function that I am asked to fulfill becomes even more difficult. In estimating this possibility, I certainly must keep in mind that, before this court rendered

judgment, the decision not only received the unanimous approval of the panel but also was submitted to the entire court. No judge in regular active service requested a vote for rehearing en banc.

On the matter of irreparable injury, Dr. Chandler has asserted only the prejudice that comes with any delay in a judicial proceeding. On the other hand, Cook County can, and does, argue that its immunity from punitive damages is, in the context of this action, tantamount to an immunity from trial and that it ought not be put to the further expense of preparing for trial until the question of its immunity is decided definitively. This consideration is, in my view, an important one.

Given the importance of the issue, the conflict among the circuits that have ruled on the matter and the injury that the County could suffer if it is required to prepare for trial before the Supreme Court takes action, I have decided to grant the motion. Accordingly, the mandate of this court is stayed until the expiration of the time allowed for the filing of a petition for certiorari. If a petition is filed within that time, this stay shall remain in force until the conclusion of all proceedings before the Supreme Court of the United States.

IT IS SO ORDERED.

FOOTNOTE

/* This opinion was released initially in typescript form.