In the

# United States Court of Appeals

## For the Seventh Circuit

Nos. 01-1969 & 01-1970

JOYCE BOIM and STANLEY BOIM,
Individually and as Administrator of the
ESTATE OF DAVID BOIM,

*Plaintiffs-Appellees*,

*v.*

QURANIC LITERACY INSTITUTE
and HOLY LAND FOUNDATION FOR
RELIEF AND DEVELOPMENT,

*Defendants-Appellants.*

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00 C 2905—**George W. Lindberg**, *Judge*.

JULY 15, 2002*

ON MOTION TO STAY THE MANDATE

ROVNER, *Circuit Judge* (in chambers). This matter is here on the July 10, 2002 motion of the Holy Land Foundation For Relief and Development ("HLF") to stay the mandate. HLF fashions its motion under Federal Rule of Ap-

---

* This opinion was initially released in typescript.

pellate Procedure 41(d)(2)(A), which provides that a party may move to stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court. Under the rule, the motion "must show that the certiorari petition would present a substantial question and that there is good cause for a stay." Fed. R. App. P. 41(d)(2)(A). In making its case for good cause, HLF states that:

> HLF has not had a sufficient opportunity to consult with counsel prior to issuance of the mandate on July 11, 2002 regarding whether HLF will seek a writ of certiorari from the U.S. Supreme Court. However, HLF is actively considering filing a petition with the U.S. Supreme Court. HLF expects to make a decision within the next few weeks. If HLF decides not to seek a writ of certiorari, HLF will immediately file written notice with this Court.

Defendant-Appellant The Holy Land Foundation for Relief and Development's Motion for Stay of Mandate, ¶ 9. HLF seeks to avoid defending this action in the district court while its petition for certiorari is pending in the Supreme Court, if indeed it decides to file such a petition.

"The grant of a motion to stay the mandate 'is far from a foregone conclusion'" *Books v. City of Elkhart*, 239 F.3d 826, 827 (7th Cir. 2001). The factors we normally consider in deciding whether to grant such a motion include whether the applicant has a reasonable probability of succeeding on the merits and whether the applicant will suffer irreparable injury. *United States ex rel. Chandler v. Cook County*, 282 F.3d 448, 450 (7th Cir. 2002). These factors are difficult to consider here because HLF seeks a stay not to file a petition for a writ of certiorari but to have time to decide whether it wishes to file such a petition in the first place. HLF cites no authority for this novel use of rule 41(d)(2)(A). Moreover, we issued our opinion in this matter on June 5, 2002, and denied HLF's petition for rehearing with sug-

gestion for rehearing *en banc* on July 3, 2002. HLF does not explain why it has not had sufficient time to consult with its attorneys in the five weeks since the opinion was issued. Thus, HLF has not made a showing of good cause. Because its motion does not meet the basic criteria for application of the rule, and because it fails to make a showing of good cause for issuance of a stay, the motion is denied. The mandate will issue on July 22, 2002.

A true Copy:

     Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*