# In the
# United States Court of Appeals
## For the Seventh Circuit

---

Nos. 06-3517 & 06-3528

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

LAWRENCE E. WARNER AND
GEORGE H. RYAN, SR.,

*Defendants-Appellants.*

---

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
Nos. 02-CR-506-1, 4—**Rebecca R. Pallmeyer**, *Judge.*

---

ON MOTION FOR A STAY OF THE MANDATE
AND CONTINUATION OF BAIL.

---

SUBMITTED OCTOBER 26, 2007—DECIDED OCTOBER 31, 2007[Œ]
OPINION PUBLISHED NOVEMBER 7, 2007

---

Before WOOD, *Circuit Judge* (in chambers).

In these appeals, appellants Lawrence E. Warner and
George H. Ryan, Sr., challenged their convictions under
the Racketeer Influenced and Corrupt Organizations

---

[Œ] This Opinion was originally released in typescript on October
31, 2007.

Act (RICO), 18 U.S.C. § 1962, and the mail fraud statute, 18 U.S.C. § 1341. In an opinion issued on August 21, 2007, this court affirmed those convictions. *United States v. Warner*, 498 F.3d 666 (7th Cir. 2007). Appellants then filed a petition for rehearing and rehearing *en banc*, which, after a vote, the full court denied by a 6-3 vote on October 25, 2007. The next day, defendants Warner and Ryan filed an "Emergency Motion To Stay the Mandate and Continue Bail Pending Certiorari, and, in the Alternative, Motion En Banc Seeking the Same Relief." Pursuant to our earlier order of August 21, 2007, the appellants' grant of bail was extended until the issuance of our mandate. If, therefore, the mandate is allowed to issue, then bail will automatically end, unless the court orders otherwise. For the reasons that follow, I deny the motion for the stay of the mandate. Bail will terminate upon the issuance of the mandate, in accordance with the order of August 21, 2007, and the panel's decision, by separate order issued today, not to reconsider that order.

Before addressing the merits of the motion, I must address the question whether this is properly handled as a single-judge matter, a panel matter, or before the full *en banc* court. It is easy to reject the last of those possibilities. The *en banc* court has voted formally not to take up this matter. It therefore remains before the panel, to be dealt with as any similar case before a panel would be handled. Appellants cite as authority for bringing their motion before the *en banc* court the case of *Hope Clinic v. Ryan*, 197 F.3d 876 (7th Cir. 1999) (*en banc*). While it is true that the motion for a stay of the mandate pending *certiorari* was decided by the full court there, that was for the simple reason that the motion followed a merits decision by the *en banc* court. See *Hope Clinic v. Ryan*, 195 F.3d 857 (7th Cir. 1999). *Hope Clinic* therefore does not support the proposition that a motion in a case

that the *en banc* court has decided not to hear should nevertheless be heard by the full court.

That leaves the question whether this motion is properly decided by the full panel, or by only the authoring judge. Under Internal Operating Procedure 1(a)(1), a motion to stay or recall the mandate is not listed as one of the actions that must be handled by two or three judges. That section reads as follows, in pertinent part:

> (1) Ordinary Practice. At least two judges shall act on requests for bail, denials of certificates of appealability, and denials of leave to proceed on appeal in forma pauperis. Ordinarily three judges shall act to dismiss or otherwise finally determine an appeal or other proceeding, unless the dismissal is by stipulation or is for procedural reasons. Three judges shall also act to deny a motion to expedite an appeal when the denial may result in the mooting of the appeal. *All other motions shall be entertained by a single judge in accordance with the practice set forth in paragraph (c).*

Seventh Circuit IOP 1(a)(1) (emphasis added). While a motion to stay or recall the mandate is considered "nonroutine" under our procedures, that designation simply means that the responsible staff attorney for the court is not authorized to prepare an order (in accordance with prior instructions of the court) on behalf of the court. Instead, the staff attorney must immediately take the motion to either the motions judge or, "if necessary," the motions panel. IOP 1(c)(3).

An examination of the topics that require more than one judge shows that a stay of the mandate is not among them. For that reason, such a motion is one of the "other" motions that "shall be entertained by a single judge." Published opinions illustrate that this is the way this court construes that rule. See, *e.g.*, *Boim v. Quranic Literacy Inst.*, 297 F.3d 542 (7th Cir. 2002) (Rovner, J., in

chambers); *Books v. City of Elkhart*, 239 F.3d 826 (7th Cir. 2001) (Ripple, J., in chambers). But, appellants may argue, they have asked not only for a stay of the mandate, but also for a continuation of bail pending their petition for a writ of *certiorari*. Requests for bail, under IOP 1(a)(1), must be ruled on by at least two judges.

That requirement has already been met, twice, in this case. First, in an order issued on November 28, 2006, a panel consisting of Chief Judge Easterbrook, Judge Evans, and Judge Sykes ruled that appellant Ryan was entitled to bail pending the disposition of his appeal in this court. That order provided, however, that "[i]f the judgment is affirmed, the grant of bail pending appeal will end automatically, without waiting for this court to issue its mandate." After the panel affirmed both Ryan's and Warner's convictions, the two appellants renewed their request for bail pending appeal. In an order dated August 21, 2007, the merits panel, consisting of Judges Manion, Kanne, and Wood, ordered that the motion was granted "only to the extent that appellants' grant of bail is extended until this court issues its mandate." The only action that this chambers opinion addresses is the requested stay of the issuance of the mandate. I am not taking any action as a single judge with respect to the order concerning bail that this court has already adopted. By separate order issued today, as I noted at the outset, the panel (by a 2-1 vote) has decided not to reconsider the latter decision.

In his chambers opinion in *Books v. City of Elkhart*, *supra*, Judge Ripple reviewed the standards that should govern the disposition of a motion like the one before me:

> When a party asks this court to stay its mandate pending the filing of a petition for a writ of certiorari, that party must show that the petition will present a substantial question and that there is good cause for

a stay. See Fed. R. App. P. 41(d)(2)(A). The grant of a motion to stay the mandate "is far from a foregone conclusion." 16A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3987.1 (3d ed. 1999). Instead, the inquiry must focus on whether the applicant has a reasonable probability of succeeding on the merits and whether the applicant will suffer irreparable injury.

239 F.3d at 827. In order to demonstrate a reasonable probability of succeeding on the merits, the applicant must show both a reasonable probability that four Justices will vote to grant *certiorari* and a reasonable possibility that five Justices will vote to reverse the judgment of this court. *Id.* at 828. This standard is similar to the one that the Justices themselves use, when they are ruling on applications in chambers in their capacity as Circuit Justices. See, *e.g.*, *Barnes v. E-Systems, Inc. Group Hosp. Ins. Plan*, 501 U.S. 1301, 1302 (1991) (Scalia, J.); *Rostker v. Goldberg*, 448 U.S. 1306, 1308 (1980) (Brennan, J.).

Appellants here have shown neither a reasonable probability that the Court will grant *certiorari* nor a reasonable possibility that this court's decision will be reversed. Most of the arguments presented in the dissent to the panel's opinion were not preserved in the district court, and none of the arguments in the dissent to the order denying rehearing *en banc* has ever been advanced by the appellants. Before it could reach these questions, the Supreme Court would have to disregard a series of forfeitures. It is unlikely that the Court would do so, especially given the strength of the government's case.

The voluminous record here demonstrates that the appellants were guilty of the crimes with which they were charged. Although they would undoubtedly like to postpone the day of reckoning as long as they can, they have

come to the end of the line as far as this court is concerned. Two different panels of this court have already decided that bail ends with the issuance of the mandate. Because we are affirming the district court's judgment, the district court's receipt of the mandate will not require that court to take any new action on the case. The motion to stay the mandate is therefore DENIED. By separate order, we also have denied the motion insofar as it seeks reconsideration of the decision to terminate bail with the issuance of the mandate.

*It is so ordered.*

A true Copy:

      Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*