In the

# United States Court of Appeals
## For the Seventh Circuit
————————

Nos. 04-2055, 05-2824

AHMAD AL-MARBU,

*Petitioner*,

*v.*

MICHAEL B. MUKASEY, Attorney
General of the United States,

*Respondent*.

————————

Petitions for Review of an Order of the
Board of Immigration Appeals.
No. A79-546-194

————————

ON MOTION TO STAY THE MANDATE

————————

APRIL 24, 2008*

————————


RIPPLE, *Circuit Judge* (in chambers). This matter is before
me on the petitioner's "Motion to Stay the Mandate of
Panel's Order, Pending Petition for Writ of Certiorari, and
Request for 'Unopposed' 30 Day Extension to File Supple-
mental Brief," filed on April 2, 2008. For the reason set
forth in this chambers opinion, I deny the requested relief.

————————

* This opinion was released initially in typescript form.

**A.**

On March 26, 2008, we denied petitioner Ahmad Al-Marbu's petition for rehearing and petition for rehearing en banc. The mandate was scheduled to issue on April 2, 2008, but the filing of this motion to stay on that day has stayed temporarily the mandate. Mr. Al-Marbu seeks a stay of this court's mandate pending a petition for a writ of certiorari to the Supreme Court. He also requests 30 days to file a brief in support of the motion to stay the mandate; he explains that he did not have sufficient time to prepare the present motion.

"When a party asks this court to stay its mandate pending the filing of a petition for a writ of certiorari, that party must show that the petition will present a substantial question and that there is good cause for a stay." *Books v. City of Elkhart*, 239 F.3d 826, 827 (7th Cir. 2001) (Ripple, J., in chambers), *citing* Fed. R. App. P. 41(d)(2)(A). The grant of a motion to stay the mandate "is far from a foregone conclusion." 16A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3987 (3d ed. 1999). Instead, the party seeking the stay must demonstrate both "a reasonable probability of succeeding on the merits" and "irreparable injury absent a stay." *Bricklayers Local 21 v. Banner Restoration, Inc.*, 384 F.3d 911, 912 (7th Cir. 2004) (Ripple, J., in chambers); *see also Williams v. Chrans*, 50 F.3d 1358, 1360 (7th Cir. 1995) (per curiam); *United States v. Holland*, 1 F.3d 454, 456 (7th Cir. 1993) (Ripple, J., in chambers). In order to demonstrate a reasonable probability of succeeding on the merits of the proposed certiorari petition, the applicant must show a reasonable probability that four Justices will vote to grant certiorari and a "fair prospect" that five Justices will vote to reverse the judgment of this court. *See Cali-*

*fornia v. Am. Stores Co.*, 492 U.S. 1301, 1307 (1989) (O'Connor, J., in chambers); *see also United States v. Warner*, 507 F.3d 508, 511 (7th Cir. 2007) (Wood, J., in chambers); *Williams*, 50 F.3d at 1360. We consider the issues that the applicant plans to raise in the certiorari petition in the context of the case history, the Supreme Court's treatment of other cases presenting similar issues and the considerations that guide the Supreme Court in determining whether to issue a writ of certiorari. *Williams*, 50 F.3d at 1361.

In attempt to demonstrate that a petition for a writ of certiorari would present a reasonable probability of succeeding on the merits, counsel lists the five questions that he will raise in the petition: (1) whether the defective trial transcript prejudiced his ability properly to appeal his case and constituted a denial of Due Process; (2) whether this court denied his Due Process rights "to have jurisdiction to consider" the merits of his case; (3) whether the court unconstitutionally denied jurisdiction based on the decision in *Ali v. Gonzales*, 502 F.3d 659 (7th Cir. 2007), *cert. denied sub nom. Ali v. Mukasey*, ___ S. Ct. ___, No. 07-798, 2008 WL 1699478 (Apr. 14, 2008); (4) whether the IJ's denial of his second motion to continue the trial constituted an abuse of discretion; and (5) whether the court's stay of removal equitably tolled his voluntary departure period. Counsel argues, in essence, that our holding that we lacked jurisdiction to review the IJ's denial of the motion for continuance was based on a misreading of our precedent. He contends that the *Ali* decision misapplied the court's decision in *Subhan v. Ashcroft*, 383 F.3d 591 (7th Cir. 2004). The five issues that counsel says he will raise in the petition for a writ of certiorari are the exact same five issues that he

raised in the petition for rehearing with suggestion for rehearing en banc.

Counsel also submits that Mr. Al-Marbu would suffer irreparable harm if he were required to leave the Country now because his wife, a United States citizen, is currently in Europe seeking advanced medical attention, and he is the sole custodian of their two children. He offers no further details regarding his wife's medical needs, the length of her stay, or whether there are other arrangements that could be made with respect to the children or their travel.

### B.

I must conclude that Mr. Al-Marbu has not demonstrated that his petition for a writ of certiorari would present a reasonable probability of succeeding on the merits. He has not demonstrated that his case involves an important question of federal law that should be settled by the Supreme Court or that his case conflicts with a decision of the Supreme Court. *See* Sup. Ct. R. 10(c). Nor has he argued that there exists a division between the circuits. *See* Sup. Ct. R. 10(a). At most, he appears to argue that the decision in his case conflicts with prior precedent from this circuit. In deciding his case, we relied upon *Ali v. Gonzales*, 502 F.3d 659 (7th Cir. 2007). A petition for a writ of certiorari was filed in that case on December 12, 2007 and denied on April 14, 2008. *Ali v. Mukasey*, ___ S. Ct. ___, No. 07-798, 2008 WL 1699478 (Apr. 14, 2008). Under these circumstances, I must conclude that it is not likely that four Justices will vote to grant certiorari in this case.

Finally, I see no reason to prolong these proceedings by permitting counsel an additional 30 days to file a sup-

plemental brief in support of the request to stay the mandate. The matters he intends to raise in his petition for certiorari have been examined thoroughly in the proceedings in this court and further delay in the issuance of our mandate is not justified.

Accordingly, I deny the motion to stay the mandate. I further deny the request for a 30-day extension of time to file a supplemental brief in support of the request to stay the mandate.

The Clerk is directed to issue the mandate immediately.

IT IS SO ORDERED