NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

May 26, 2010

**Before**

DAVID F. HAMILTON, *Circuit Judge*

No. 08-3183

| | |
|---|---|
| INDIANA PROTECTION AND ADVOCACY SERVICES, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division |
| *Plaintiff-Appellee*, | |
| *v.* | No. 1:06-cv-1816-LJM-TAB |
| INDIANA FAMILY AND SOCIAL SERVICES ADMINISTRATION; ANNE W. MURPHY, in her official capacity as Secretary of the Indiana Family and Social Services Administration; GINA ECKHART, in her official capacity as Director of the Division of Mental Health and Addiction; and LARRY LISAK, in his official capacity as Superintendent of Larue Carter Memorial Hospital, | **Larry J. McKinney**, *Judge*. |
| *Defendants-Appellants*. | |

**O R D E R**

On April 22, 2010, this court sitting *en banc* affirmed the judgment of the district court as modified.  *Indiana Protection and Advocacy Servs. v. Indiana Family and Social Services Admin.*, — F.3d —, 2010 WL 1610117 (7th Cir. Apr. 22, 2010) ("*IPAS II*").  The effect of this court's mandate

will be to affirm the district court's order requiring the named state officials to make available to the plaintiff certain records regarding a mentally ill patient (identified in the court records and the court's opinion as Patient 1) for inspection and copying.

The defendants intend to seek Supreme Court review and have moved to stay the mandate pending the conclusion of that Court's review. The plaintiff opposes the motion. All participating judges agree that the motion should be denied.[1] The district court has stayed its order pending resolution of this appeal. As I explain below as author of the merits opinion, this court sees no reason to delay the mandate or to prevent the district court from lifting its stay of its order pending possible Supreme Court review.

A party seeking a stay of a mandate pending resolution of a petition for a writ of certiorari must show that the petition will present a substantial question and that there is good cause for a stay. See Fed. R. App. P. 41(d)(2)(A); *Books v. City of Elkhart*, 239 F.3d 826, 827 (7th Cir. 2001) (Ripple, J., in chambers) (granting stay where mandate would require permanent and expensive removal of stone monument on lawn of municipal building). The grant of a motion to stay the mandate "is far from a foregone conclusion." 16AA Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Catherine T. Struve, *Federal Practice and Procedure* § 3987 (4th ed. 2008). Instead, the party seeking the stay must demonstrate both a reasonable probability of success on the merits and irreparable injury absent a stay. See *Bricklayers Local 21 v. Banner Restoration, Inc.*, 384 F.3d 911, 912 (7th Cir. 2004) (Ripple, J., in chambers); *Williams v. Chrans*, 50 F.3d 1358, 1360 (7th Cir. 1995) (per curiam); *United States v. Holland*, 1 F.3d 454, 456 (7th Cir. 1993) (Ripple, J., in chambers).

To demonstrate a reasonable probability of success on the merits of the proposed certiorari petition, the applicant must show a reasonable probability that four Justices will vote to grant certiorari and a "fair prospect" that five Justices will vote to reverse the judgment of this court. See *California v. American Stores Co.*, 492 U.S. 1301, 1306-07 (1989) (O'Connor, J., in chambers); see also *United States v. Warner*, 507 F.3d 508, 511 (7th Cir.2007) (Wood, J., in chambers); *Williams*, 50 F.3d at 1360. In resolving the applicants' motion to stay, we consider the issues that the applicants plan to raise in the certiorari petition in the context of the case history, the Supreme Court's treatment of other cases presenting similar issues, and the considerations that guide the Supreme Court in determining whether to issue a writ of certiorari. See *Williams*, 50 F.3d at 1361.

This court decided three questions that the defendants intend to ask the Supreme Court to review. First, all participating members of this court agreed that the Eleventh Amendment does not bar the plaintiff from seeking injunctive and declaratory relief against the individual state officials in their official capacities. Our decision disagreed on this point with a decision

---

[1]Judge Tinder has not participated in consideration of this appeal.

by the Fourth Circuit, *Virginia v. Reinhard*, 568 F.3d 110 (4th Cir. 2009), cert. petition pending, No. 09-529. Such a direct circuit split provides a reasonably promising possibility for certiorari review.[2]

Second, a majority of this court held that the plaintiff has a right to sue under the PAIMI Act for injunctive and declaratory relief to obtain access to the records in question. This case appears to be the first one in which that specific question has been decided, though many other cases in circuit and district courts have assumed such a right under PAIMI and similar protection and advocacy statutes. See *IPAS II*, — F.3d at —, 2010 WL 1610117, at *13 (collecting cases). One member of this court disagreed, indicating that there is room for reasonable disagreement on the point, though there is currently no direct circuit split.

Third, this court held that the peer review records in dispute were subject to the record access provisions of the PAIMI. We are the fifth circuit to have decided the issue, and all circuits are in agreement. See, *e.g.*, *Protection & Advocacy for Persons with Disabilities v. Mental Health & Addiction & Advocacy Servs.*, 448 F.3d 119, 128 (2d Cir. 2006) (Sotomayor, J.); *Missouri Protection & Advocacy Servs. v. Missouri Dep't of Mental Health*, 447 F.3d 1021, 1023 (8th Cir. 2006); *Center for Legal Advocacy v. Hammons*, 323 F.3d 1262, 1270 (10th Cir. 2003); *Pennsylvania Protection & Advocacy, Inc., v. Houstoun*, 228 F.3d 423, 428 (3d Cir. 2000) (Alito, J.). However, a 1999 decision by the New Hampshire Supreme Court stands in opposition. See *Disabilities Rights Center, Inc. v. New Hampshire Department of Corrections*, 732 A.2d 1021 (N.H. 1999). In spite of this apparent outlier, with all circuits in agreement this question does not appear to be promising for certiorari review.

The defendants argue there is good cause for a stay of the mandate because they will suffer irreparable harm in the form of an "invasion of privacy" if they are required to allow the plaintiff to inspect and copy the disputed peer review records regarding Patient 1. However, the defendants fail to specify their basis for any privacy right or interest in the records under dispute. Does it lie with Patient 1? With the state care-giving institutions? With the doctors and other medical professionals who rendered treatment? In any case, to alleviate that concern, the plaintiff points out that if and when it is granted access to the records, it still will be required by law to maintain the confidentiality of those records. There is therefore little to no risk that the information the records contain would be publicly disclosed or that the information would be used for some purpose unrelated to the plaintiff's mandate, severely undercutting the defendants' argument. Also, this negligible risk is outweighed by the plaintiff's interest in carrying out its obligation to protect and advocate on behalf of other mentally ill patients. That

---

[2]On May 25, 2010, defendants filed a letter under Circuit Rule 28(j) attaching the Solicitor General's invited response in Virginia arguing that the Supreme Court should grant certiorari relying on, among other points, the conflict with our decision. The Rule 28(j) submission does not change the analysis of the pending motion.

interest has been necessarily kept in suspense for the last several years of this litigation, and further delay is unwarranted.

In sum, the balance weighs against granting a stay of the mandate even if there is a reasonable possibility that certiorari may be granted. The disclosure of information would be to an independent government agency with its own legal obligations to maintain the confidentiality of the documents in question. The plaintiff has had to wait nearly four years after Patient 1's death for access to the peer review documents, stymying its ability to effectively protect and advocate on behalf of other individuals with mental illness. There will be no invasion of Patient 1's privacy, for Patient 1 is deceased. Whatever interests the care-giving entities or the doctors and other individual care-givers might have in the privacy of information about their treatment of Patient 1 will be adequately protected by the plaintiff's own legal obligations of confidentiality. Under these circumstances, a court order allowing the plaintiff access to the records but reserving the right to order the plaintiff to return all copies and derivative notes in the event that this court's decision is reversed would give substantial protection to the defendants. Finally, as the defendants point out, that ongoing prospect for ordering return of documents would also prevent the case from becoming moot pending possible Supreme Court review. See *Church of Scientology of California v. United States*, 506 U.S. 9, 13 (1992). Accordingly, the motion to stay the mandate is denied.