In the
# United States Court of Appeals
### For the Seventh Circuit

---

No. 08-3557

ROBERT MCBRIDE,

*Plaintiff-Appellee*,

*v.*

CSX TRANSPORTATION, INC.,

*Defendant-Appellant*.

---

Appeal from the United States District Court
for the Southern District of Illinois.
No. 3:06-cv-01017-JPG-CJP--**J. Phil Gilbert,** *Judge*.

---

ON MOTION TO STAY THE MANDATE

JUNE 24, 2010[*]

---

[*] This opinion is being released in typescript form.

RIPPLE, *Circuit Judge* (in chambers). CSX Transportation has filed a motion to stay the mandate pending the filing and disposition of a petition for writ of certiorari. For the reasons set forth in this opinion, the motion must be denied.

On March 16, 2010, this court affirmed the judgment of the district court. *See McBride v. CSX Transp., Inc.*, 598 F.3d 388 (7th Cir. 2010). On June 3, we denied CSX's petition for rehearing en banc. On June 8, CSX filed this motion for a stay of this court's mandate. Therefore, the issuance of the mandate, originally scheduled to issue on June 10, has been postponed temporarily while we considered the motion and the response of Mr. McBride.

The standard governing the issuance of such a stay is well-established. We may stay our mandate pending the filing of a petition for a writ of certiorari if the applicant demonstrates "that the certiorari petition would present a substantial question and that there is good cause for a stay." Fed. R. App. P. 41(d)(2)(A). The inquiry contemplated by this rule focuses on "whether the applicant has a reasonable probability of succeeding on the merits and whether the applicant will suffer irreparable injury." *United States ex rel. Chandler v. Cook County*, 282 F.3d 448, 450 (7th Cir. 2002) (Ripple, J., in chambers). To demonstrate a reasonable probability of success on the merits, the applicant must show a reasonable probability that four Justices will vote to grant certiorari and a reasonable possibility that five Justices will vote to reverse the judgment of this court. *Id. See also Indiana Prot. & Advocacy Servs. v. Indiana Family & Soc. Servs. Admin.*, 2010 WL 2115386, *1 (7th Cir. May 26, 2010) (Hamilton, J., in chambers) (quoting *California v. Am. Stores Co.*, 492 U.S. 1301, 1306-07 (1989) (O'Connor, J., in chambers)).

CSX argues that it meets each of the factors necessary for this court to stay its mandate. It first argues that there is a reasonable probability that four Justices will vote to grant certiorari in this case.

CSX points to Supreme Court Rule 10(a), which says that the Court will consider granting certiorari when "a United States court of appeals . . . has decided an important federal question in a way that conflicts with a decision by a state court of last resort."

CSX has not carried its burden of establishing the requisite probability of success on the merits. Because several state courts have taken a different view, it has established that its case falls within the general category of cases identified by the Supreme Court's rule as deserving consideration for a grant of a writ of certiorari. It has not demonstrated, however, the requisite probability that certiorari will be granted or the requisite possibility that the judgment of this court will be reversed if certiorari should be granted. As the opinion of this court notes, our decision is in conformity with the law of this and every other federal circuit that has addressed the issue. Only a few state courts have adopted a contrary position. Under these circumstances, absent a clear indication from the Supreme Court that it is desires to re-debate an issue it so recently has confronted, our proper course is to take the law as settled and require a party maintaining that the Supreme Court wishes to reconsider the matter to seek redress from the Supreme Court both on the merits of its contention and with respect to a stay of our mandate.

CSX also submits that it will suffer irreparable harm if it is required to pay the judgment pending Supreme Court review because, if the Supreme Court reverses, it is unlikely to be able to recover the money from Mr. McBride. It relies on two Supreme Court chambers opinions: *Ledbetter v. Baldwin*, 479 U.S. 1309, 1310 (1986) (Powell, J., in chambers) and *Heckler v. Turner*, 468 U.S. 1305, 1308 (1984) (Rehnquist, J., in chambers). In these cases, the authoring Justices found irreparable injury because it was unlikely that the applicant for the stay would be able to recover funds if the judgment were reversed. Notably, both cases involved the distribution of AFDC payments by the government to a large number of individuals who

were unlikely to be able to repay any erroneous payments if the judgment were reversed. By contrast, here CSX does not explain, with any specificity, why it is unlikely that Mr. McBride will be able to repay the judgment if it is reversed.

In sum, it cannot be said, on the basis of the information presented in this motion, that CSX has met the significant burden placed on a litigant seeking a stay pending the filing of a petition for a writ of certiorari. Accordingly, the motion is denied.

MOTION DENIED